IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.A.S, a minor, by and through his )
parents and next friends, LUKE )
SCHREINER and STEPHANIE )
SCHREINER, )
                          )
               **Plaintiff,** )
                          )
v. )   Case No. 05-1267-JTM
                          )
PRATT REGIONAL MEDICAL )
CENTER, INC., et al., )
                          )
               **Defendants.** )
                          )

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion "to allow ex parte interviews of plaintiff's health care providers." (Doc. 39).[1] Plaintiff opposes the motion, arguing that ex parte interviews are prohibited by: (1) K.S.A. § 60-427 and the federal rules of civil procedure, and (2) regulations promulgated pursuant to the Health Insurance and Portability Accountability Act (HIPAA) of 1996.[2] For the reasons set forth below, the motion shall be

---

[1] Within the context of this motion, an "ex parte interview" is an informal interview by one party without the presence of opposing counsel. Typically, such inquiries are by telephone and assist counsel in determining whether to take a deposition and/or call the treating physician as a witness.

[2] The sections relevant to this litigation can be found at 42 U.S.C. §§ 1320d, d-1 through d-7.

**GRANTED.**

## Background

This is a medical malpractice action. Highly summarized, plaintiff alleges that G.A.S was born in 2003 with a condition known as volvulus (an intestinal obstruction due to knotting or twisting of the bowel) which defendants failed to properly diagnose and treat. Plaintiff contends that the delay in treatment caused severe and permanent injury to G.A.S.'s intestinal tract and vital organs.

## Motion for Ex Parte Interviews

**1. K.S.A. § 60-427**

With respect to K.S.A. § 60-427, judges in this district hold that ex parte interviews of treating physicians are permissible when plaintiff's medical condition is an issue in the case. See Colby v. Eli Lilly and Company, Case. No. 81-1542 (D. Kan. Dec. 15, 1982)(Judge Crow, unpublished); Clark v. Homrighous, 136 F.R.D. 186 (D. Kan. 1991)(Judge Theis affirming Magistrate Judge Reid); Bryant v. Hilst, 136 F.R.D. 487 (D. Kan. 1991)(Judge Saffels affirming Magistrate Judge Newman); Evertson v. Dalkon Shield Claimants Trust, Case No. 82-12001, 1993 WL 245972 (D. Kan. June 2, 1993)(Judge Belot); and Roberson v. HCA Health Services of Kansas, Inc., Case No. 94-1227, (D. Kan.

November 17, 1994)(Magistrate Judge Humphreys, unpublished).[3]  The rationale for allowing such interviews is relatively straightforward: (1) absent a privilege or entry of a protective order, a party is permitted to informally interview fact witnesses without opposing counsel being present, and (2) under Kansas law, there is no physician-patient privilege "in an action in which the condition of the patient is an element or factor of the claim or defense of the patient."  K.S.A. § 60-427(d).[4]

G.A.S.'s medical health is clearly at issue in this case; thus, there is no physician-patient privilege under K.S.A. § 60-427.  Following established law in this district, the court rejects plaintiff's argument that K.S.A. § 60-427 and the federal rules of civil procedure prohibit ex parte interviews of treating physicians who are merely fact witnesses.[5]

## 2. HIPAA

Plaintiff argues that the enactment of HIPAA and the corresponding regulations

---

[3] Plaintiff cites a 1993 order by Judge Lungstrum denying a motion to compel plaintiff to sign a medical authorization allowing ex parte communications with treating physicians.  Simpson v. Bridgestone/Firestone, Case No. 93-2082-JWL, (D. Kan. Oct. 21, 1993).  Unfortunately, that order lacks sufficient detail or legal authority to be of any guidance.

[4] Jurisdiction in the federal cases cited was based upon diversity of citizenship; thus, the existence of a privilege was determined in accordance with state law.  See Fed. R. Evid. 501.

[5] A fact witness has discretion to decide whether to participate in an informal interview.  Defendants concede that any such interview is subject to the health care provider's voluntary participation because no subpoena has been issued.

changes this district's long-established rule permitting ex parte interviews with treating physicians. As explained in greater detail below, the court concludes that such interviews are not prohibited provided defendant complies with HIPAA's procedural requirements for securing medical information from health care providers. See Bayne v. Provost, 359 F. Supp. 2d 234 (N.D.N.Y. 2005).[6]

Unquestionably, HIPAA imposes new standards on health care providers concerning the disclosure of medical information. See, e. g., 42 U.S.C. § 1320d-2 (d)(2) (The Secretary of Health and Human Services (HHS) shall adopt security standards and safeguards to insure confidentiality and protect against unauthorized disclosures). Consistent with this statutory mandate, HHS promulgated rules and regulations governing the release and transmittal of "individually identifiable health information" by health care providers. See 45 C.F.R. 160.101 et seq.[7]

With respect to judicial proceedings, 45 C.F.R. § 164.512(e) provides for the disclosure of medical information under the following circumstances:

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial proceeding:

(i) **In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health**

---

[6] Research reveals no controlling 10th Circuit precedent on the issue of ex parte interviews under HIPAA.

[7] HIPAA covers a broad range of medical disclosure issues too numerous to cite in this opinion. Accordingly, the court confines its comments to the disclosure of medical information in the context of a judicial proceeding.

>     **information expressly authorized by such order**; or
>
>     (ii) **In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:**
>> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1)(i) & (ii) (emphasis added).[8] Accordingly, a health care provider can disclose medical information without violating HIPAA if served with (1) a court order authorizing the disclosure of such information or, alternatively, (2) a formal discovery request accompanied by certain required assurances and notices.

In this case defendant has elected to follow (e)(1)(i) and seek a court order authorizing the disclosure of medical information and plaintiff, relying on HIPAA provisions, objects to the "ex parte" nature of interviews.[9] The problem with plaintiff's objection is that a citation to HIPAA, standing alone, does not provide the court with sufficient grounds for denying defendant's request for an order to disclose medical information. HIPAA rules and

---

[8] A "covered entity" is defined as: (1) a health plan, (2) a health care clearinghouse, and (3) a health care provider. 45 C.F.R. § 160.103.

[9] Plaintiff does not object to the disclosure of written medical records and has executed a release to that effect. The parties' dispute is limited to informal interviews.

regulations contemplate the disclosure and use of medical information in a judicial proceeding and defendant is properly utilizing § 164.512(e)(1)(i) to secure that information. Moreover, implicit in plaintiff's objection is the suggestion that informal interviews out of the presence of opposing counsel are inherently wrong. This argument presumes that counsel will engage in inappropriate and/or unethical conduct when interviewing fact witnesses, a presumption this court rejects. Accordingly, plaintiff's objection is overruled. Because defendant has satisfied the procedural requirements found in § 164.512(e)(1)(i), the motion shall be GRANTED.[10]

**IT IS THEREFORE ORDERED** that defendant's motion for an order to conduct ex parte interviews of G.A.S.'s treating physicians **(Doc. 39)** is **GRANTED.** Defense counsel may contact G.A.S.'s treating physicians and informally interview them concerning the medical history, diagnosis, and prognosis of G.A.S. Before conducting any interviews, defendant shall advise the health care providers that they may decline to be informally interviewed.

---

[10] This opinion should not be construed as a determination that a defendant is entitled *in all cases* to an order allowing ex parte interviews of treating physicians under 45 C.F.R. § 164.512(e)((1)(i). Instead, plaintiff's objection in this case is simply not persuasive. If this were a case involving an adult with sensitive medical history which was irrelevant to the lawsuit, the ruling under § 164.512(e)(1)(i) might necessarily be more restrictive.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of June 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge