# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.A.S, a minor, by and through his parents and next friends, LUKE SCHREINER and STEPHANIE SCHREINER,      )<br>)<br>)<br>)<br>) | |
| Plaintiff,      ) | |
| v.                                                  ) | Case No. 05-1267-JTM |
| PRATT REGIONAL MEDICAL CENTER, INC., et al.,      )<br>)<br>) | |
| Defendants.      ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel defendant Schowengerdt to produce a "litigation notebook." (Doc. 67).[1] Defendant opposes the motion, arguing that the notebook is protected by the attorney-client privilege and work product doctrine. For the reasons set forth below, the motion shall be DENIED.

## Background

This is a medical malpractice action. Highly summarized, plaintiff alleges that G.A.S

---

[1] The parties have resolved plaintiff's request to compel the production of certain medical reference books in Dr. Schowengerdt's office.

was born in 2003 with a condition known as volvulus (an intestinal obstruction due to knotting or twisting of the bowel) which defendants failed to properly diagnose and treat. Plaintiff contends that the delay in treatment caused severe and permanent injury to G.A.S.'s intestinal tract and vital organs.

During the deposition of Dr. Schowengerdt, plaintiff asked whether the doctor had any meetings with his insurer or received any written materials concerning "the litigation process or the deposition process." Defendant acknowledged meeting a representative of his insurance carrier with his attorney and that he had been given a notebook during the meeting. In response to plaintiff's oral request for the written materials, defendant asserted that the notebook was privileged.

Plaintiff subsequently served a formal request for the litigation materials provided to Dr. Schowengerdt by KaMMCO (the doctor's malpractice insurer). Again, defendant objected to production, arguing that the notebook was protected by the attorney-client privilege and work product doctrine. Defendant also explained that the materials were (1) given to the doctor after this lawsuit was filed and counsel had been retained and (2) that "any investigations regarding the defense of this case were done under the direction of counsel." As noted above, plaintiff moves to compel production of this notebook.

**Analysis**

Plaintiff argues that defendant has waived any claim of privilege by failing to produce a privilege log or otherwise comply with the requirements of Fed. R. Civ. P. 26(b)(5). This

argument is without merit and rejected.  Fed. R. Civ. P. 26(b)(5) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party **shall make the claim expressly and shall describe the nature of the documents, communications, or things** not produced or disclosed in a manner **that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.**  (Emphasis added).

In this instance defendant affirmatively asserted the attorney-client privilege and work product doctrine and provided an explanation for his contention that the notebook was protected from discovery.  Under the circumstances, there is no waiver of any privilege for failure to comply with Fed. R. Civ. P. 26(b)(5).

Plaintiff also argues that the notebook is not protected from disclosure by any privilege.  As explained in greater detail below, the court is satisfied that the materials are privileged.

Because subject matter jurisdiction in this case is based upon diversity and "state law supplies the rule of decision," the claim of privilege is determined in accordance with Kansas law.  Fed. R. Evid. 501.  K.S.A. § 60-426 sets forth the general rule of Kansas regarding the attorney-client privilege:

> (a) Subject to K.S.A. § 60-437, and except as otherwise provided by subsection (b) of this section, communications found by the judge to have been between lawyer and his or her client in the course of that relationship and in professional confidence, are privileged....[2]

---

[2]

Subsection (b) sets forth five exceptions, none of which are applicable to this case, and subsection (c) provides definitions for "client," "communication," and "lawyer." K.S.A. §60-437 deals with waiver by contract or disclosure.

Kansas courts summarize the general rule regarding the privilege as follows:

> (1) Where legal advice is sought (2) from a professional legal advisor in a capacity as such, (3) communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.

State v. Maxwell, 10 Kan. App. 2d 62, 63, 691 P.2d 1316 (1984).[3]

As the party resisting discovery, defendant has the burden of supporting his claim of privilege. See ERA Franchise Systems, Inc. v. Northern Ins. Co. of New York., 183 F.R.D. 276 (D. Kan. 1998). In support of his privilege claim, defendant represents that the litigation notebook was prepared under the direction and supervision of KaMMCO's general counsel solely for use in pending litigation and is not given to an insured until (1) after a lawsuit is filed and (2) a defense attorney has been retained to represent the interests of the health care provider. The notebook contains legal advice and recommendations for a health care provider who has been sued.

After being notified of this lawsuit, KaMMCO retained the Hinkle Elkouri law firm to represent and defend Dr. Schowengerdt. On October 10, 2005, Dr. Schowengerdt, his KaMMCO retained counsel, and a representative of KaMMCO met and discussed the defense of this lawsuit. During the meeting, defense counsel and KaMMCO provided Dr. Schowengerdt with a notebook containing information and advice about defending malpractice lawsuits.

---

[3] The term "communication" includes advice given by the lawyer in the course of representing the client. K.S.A. § 60-426(c)(2).

The court is satisfied that the notebook and the legal advice contained therein qualify as "legal communication" for purposes of the attorney-client privilege. Equally important, Dr. Schowengerdt has not waived the privilege by disclosing the content of the notebook. Accordingly, the court concludes that the notebook is protected from disclosure by the attorney-client privilege.[4] Because the notebook is protected from disclosure by the attorney-client privilege, the court finds it unnecessary to address defendant's alternative argument concerning the work product doctrine.[5]

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (**Doc. 67**) is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of December 2006.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Plaintiff's argument that the privilege does not apply because the notebook was provided "in the ordinary course of its business—defending against claims made against [KaMMCO's] insured" is not persuasive. The notebook is only provided to an insured defendant after a lawsuit has been filed and contains legal advice concerning the lawsuit. Equally important, the number of times an attorney has provided similar advice to other clients who have been sued is not determinative of whether the attorney-client privilege is applicable.

[5] Plaintiff's motion did not address the work product doctrine and no reply brief was filed.